UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN FRANCIS HAYDEN et al.<br><br>　　　　　Defendants. | CASE NO. C12-5804 RJB-JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS<br><br>NOTED FOR: OCTOBER 26, 2012. |

　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

　　　Plaintiff asks the Court to grant him in forma pauperis status. The Court's review of plaintiff's prior filings shows that on four prior occasions plaintiff has had cases dismised where the dismissal counts against him pursuant to 28 U.S.C. § 1915(e). Therefore, the Court cannot grant in forma pauperis status to plaintiff by U.S.C. § 1915(g), which reads in part:.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

REPORT AND RECOMMENDATION - 1

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In each of the following cases plaintiff was granted in forma pauperis status and the case was later dismissed, either for failure to state a claim or as frivolous.

1. Dickerson v. Peninsula Daily Newspaper, 06-cv-5423RJB,

2. Dickerson v. Miller-Stout et al. 06-cv-5421RBL,

3. Dickerson v. Rogers 06-cv-5419FDB,

4. Dickerson v. Bruneau 06-cv-5418RBL.

The Court has reviewed plaintiff's proposed complaint and plaintiff does not allege that he is in imminent danger of serious physical harm (ECF No. 1, proposed complaint).

Further, plaintiff is attempting to bring a civil rights action against his defense attorney. A defense attorney, even if they are assigned counsel, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Therefore, plaintiff's complaint is without merit.

The Court recommends that the motion to proceed in forma pauperis be denied and plaintiff be directed to pay the full filing fee of $350 dollars within thirty days of entry of the order. The order should specify that failure to pay the full fee will result in dismissal of the action without further Court order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 63(b)(1)(C). Accommodating

REPORT AND RECOMMENDATION - 2

1  the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for
2  consideration on October 26, 2012, as noted in the caption.
3      Dated this 3rd day of October, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge